UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

KYLE COLLINS
                                                        PRISONER
    V.                    CASE NO. 3:02CV610(SRU)

H. RODREGUES

### RULING AND ORDER

On April 5, 2002, the petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. On May 21, 2002, the court denied petitioner's application to proceed in forma pauperis and directed the petitioner to submit the filing fee. The petitioner never submitted the filing fee. On June 25, 2002, the Court dismissed the petition for writ of habeas corpus because of petitioner's failure to submit the filing fee.

Almost four years later, petitioner filed a motion to reopen this matter. He states that the Connecticut Appellate Court and Connecticut Supreme Courts have denied his appeals of his state petition for writ of habeas corpus. He does not address the basis for the dismissal of the present case. For the reasons stated below, the motion to reopen is denied.

Rule 60(b), Fed. R. Civ. P., provides that the court may relieve a party from a final judgment because of "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .;(3) fraud . . . misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been released, satisfied or discharged . . .; or (6)

any other reason justifying the relief from the operation of judgment." Rule 60(b), Fed. R. Civ. P.  Any motion pursuant to subsections (1), (2) or (3), however, must be filed not more than one year after the entry of judgment.  The power to rescind or alter a final judgment given to the court under Rule 60(b) is an extraordinary power that should only be invoked in extraordinary circumstances.  See Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986).

The petitioner fails to indicate why he did not comply with the court's order to submit the filing fee.  He has set forth no basis for reopening this case more than three years after the Clerk entered judgment.  Accordingly, the plaintiff's Motions to Reopen [**docs. ## 8, 9** ] and Motions for Appearance [**docs. ## 10, 11**] are **DENIED**.  If the petitioner seeks to proceed as to claims he recently exhausted in state court, he may file a new petition for writ of habeas corpus.

SO ORDERED this 23rd day of June, 2006, at Bridgeport, Connecticut.

                                          /s/ Stefan R. Underhill
                                          STEFAN R. UNDERHILL
                                          UNITED STATES DISTRICT JUDGE